**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **AHOLUSI J. PILLOW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 1:25-cv-00069** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **WELLMED MANAGEMENT INC. and** | ) | **MAGISTRATE JUDGE HOLMES** |
| **JENNIFER GARDNER,** | ) | |
| *Trainer/Supervisor,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Aholusi J. Pillow, a resident of Columbia, Tennessee, filed a pro se Complaint (Doc. No. 1), alleging employment discrimination, sexual harassment, retaliation, hostile work environment, and wrongful termination by Defendants Wellmed Management Inc. ("Defendant Wellmed") and Jennifer Gardner. Plaintiff also filed an Application for Leave to Proceed In Forma Pauperis. (Doc. No. 2).

### I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and

"[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

Plaintiff reports a total monthly income of $300.00 from gifts, and he expects to have no income next month. (Doc. No. 2 at PageID# 12-13). Plaintiff reports having $0.00 in cash and $8.15 in a checking account. (*Id.* at PageID# 13). Plaintiff reports $4,947.55 in monthly expenses. (*Id.* at PageID# 15-16). In answer to the question, "Have you spent – or will you be spending – any money for expenses or attorney fees in conjunction with this lawsuit?", Plaintiff wrote, "$1,200.00." (*Id.* at PageID# 16). Because Plaintiff has $4,000.00 in credit card debt and he had a monthly income of $300.00 that he expects to decrease to $0.00, it is clear Plaintiff is unable to pay the civil filing fee. (*Id.* at PageID# 12-13, 15). Because Plaintiff's IFP Application reflects that he lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the Complaint (Doc. No. 1) in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill*

*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

**B. Factual Background**

Plaintiff, an African American male, was an employee of Defendant Wellmed for over seven years. (Doc. No. 1-1 at PageID# 9). In November of 2021, Plaintiff began training to become a Senior Claims Specialist. (*Id.*). Plaintiff was one of nine employees in the training class, and he was the only male. (*Id.*). The other employees were White, African American, and Latino females. (*Id.*). Plaintiff received training from a White female. (*Id.*). Throughout the training, the trainer made sexual comments about African American males. (*Id.* at PageID# 10). Being the only male in the class, Plaintiff was "greatly offended by her . . . sexual harassing comments." (*Id.*). Plaintiff filed a complaint with the Human Resources department regarding the trainer's behavior, but no action was taken. (*Id.*).

During the training, Plaintiff had technical issues, and, to resolve said issues, the trainer was required to contact Tech Support. (*Id.*). The trainer failed to do so, and Plaintiff fell behind in the training as a result. (*Id.*). Plaintiff believes this was done in retaliation for the sexual and racial harassment complaint made to Human Resources. (*Id.*). Because Plaintiff was unable to receive the necessary training to be a Senior Claims Specialist, he was unable to perform as he otherwise would have. (*Id.*).

3

Plaintiff was told he could transfer to a different department in a different capacity. (*Id.*). A waiver would be required to do so because Plaintiff had not been a Senior Claims Specialist long enough to qualify for a transfer. (*Id.*). No one signed the waiver for Plaintiff, and Plaintiff believes this was done in retaliation. (*Id.*). Plaintiff went on to receive written warnings, including a final written warning, about his performance. (*Id.*). As a result, Plaintiff did not receive pay increases or periodic bonuses that he otherwise would have been entitled to. (*Id.*).

**C. Analysis**

A plaintiff must "join all claims arising from the same set of facts in a single proceeding[.]" *Church Joint Venture, L.P. v. Blasingame*, 817 F. App'x 142, 146 (6th Cir. 2020) (quoting *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004)). "Duplicative litigation allows district courts to dismiss later-filed cases because of the preclusive effects that the earlier cases would have on the litigation." *Waad v. Farmers Insurance Exchange*, 762 F. App'x 256, 261 (6th Cir. 2019) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (quoting *Curtis*, 226 F.3d at 138-39). Duplicative cases are considered legally frivolous. *MPawinayo v. Rothwell*, No. 3:22-CV-00545, 2022 WL 16825171, at *2 (M.D. Tenn. Nov. 8, 2022) (citing *Peoples v. Reno*, No. 00-1086, 2000 WL 1477502, at *1 (6th Cir. 2000)). As a result, the corresponding complaint in such a case fails to state a claim upon which relief can be granted. *Id.* (citing *Hill*, 630 F.3d 471).

Plaintiff previously filed *Pillow v. Wellmed Medical Management, Inc.*, Case No. 1:23-cv-00059 (M.D. Tenn. Sep. 8, 2023) (Campbell, J.) (hereinafter "prior case"). In that case, as in the

instant case, Plaintiff brought claims under Title VII of the Civil Rights Act of 1964. Both lawsuits allege the same facts against the same defendant, "Wellmed Medical Management, Inc."[1] *See id.*

The instant case names an additional defendant, Jennifer Gardner. (Doc. No. 1 at PageID# 1-2). But a new defendant named in a second lawsuit does not save the second lawsuit from being found duplicative. *Houston v. Caruso*, No. 2:08-CV-124, 2009 WL 579411, at *1 (W.D. Mich. Mar. 5, 2009) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of a prisoner's second in forma pauperis civil rights suit as duplicative despite the fact that the second suit named different defendants); *Hahn v. Tarnow*, No. 06-CV-12814, 2006 WL 2160934 (E.D. Mich. July 31, 2006) (dismissing action as duplicative despite newly-added defendants, opining that "while courts require that multiple complaints do not 'significantly differ,' there is no requirement that the parties be exactly identical; instead, courts focus on the substance of the complaint")).

Although the prior case includes more wide-ranging allegations than the instant case, the prior case encompasses the instant case's core allegations of employment discrimination, sexual harassment, retaliation, hostile work environment, and wrongful termination. *See id.* Plaintiff's prior case was stayed on December 19, 2023 to allow the parties to arbitrate. *See id.* (Doc. No. 15). The prior case remains pending.

Based on the foregoing, the Court finds that the instant case is duplicative of Case No. 1:23-cv-00059. The instant case, therefore, is **DISMISSED** as frivolous.

---

[1] In the instant case, Plaintiff identifies Defendant Wellmed as "Wellmed Management Inc." (Doc. No. 1 at PageID# 1). In his Charge of Discrimination, Plaintiff refers to Defendant Wellmed as "Wellmed Medical Management, Inc.", just as he refers to Defendant Wellmed in the prior case. (Doc. No. 1-1 at PageID# 9) (*See Pillow v. Wellmed Medical Management, Inc.*, Case No. 1:23-cv-00059 (M.D. Tenn. Sep. 8, 2023) (Campbell, J.)). Therefore, the Court recognizes Defendant Wellmed as the same defendant referred to in Plaintiff's prior case filed on September 8, 2023.

Plaintiff's Motion to Vacate Arbitration Award and Request for Jury Trial (Doc. No. 3) is therefore **DENIED** as moot.

Defendant Wellmed's Motion to Dismiss Complaint and Deny Plaintiff's Motion for Vacatur of Arbitration Award (Doc. No. 7) also is **DENIED** as moot.[2] The Court's denial of both motions (Doc. Nos. 3 and 7) does not prevent either party from filing the same or similar motion in the prior case (absent restrictions set forth by the Court in that case).

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The motion lists the prior case number on the caption (*see* Doc. No. 7 at PageID# 28) which suggests Defendant Wellmed intended for the motion to be filed in the prior case, but the motion responds to Plaintiff's Motion to Vacate Arbitration Award and Request for Jury Trial filed in the instant case.

6